Tracy A. Miller, SBN 015920
Brendan A. Melander, SBN 034777
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.
2415 East Camelback Road, Suite 800
Phoenix, AZ 85016
Telephone:  602.778.3700
Facsimile:  602.778.3750
tracy.miller@ogletree.com
brendan.melander@ogletree.com

*Attorneys for Defendants Mingus Mountain Academy*
*and Sequel Youth Services of Arizona LLC*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Diane Onofrio,<br><br>  Plaintiff,<br><br>  v.<br><br>Mingus Mountain Academy and Sequel Youth Services of Arizona, LLC,<br><br>  Defendants. | No. CV-21-08173-PCT-SPL<br><br>**DEFENDANTS' ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendants Mingus Mountain Academy (the "Academy") and Sequel Youth Services of Arizona LLC ("Sequel") (collectively, "Defendants") for their Answer to the Complaint, respond as follows:

**THE PARTIES**

1. Defendants admit Plaintiff was an Academy employee during the relevant time periods alleged in this Complaint. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the remaining allegations in Paragraph 1 of the Complaint.

2. Defendants admit that the Academy is a nonprofit corporation under the laws of the State of Arizona and operates in Yavapai County, Arizona.

3. Defendants admit the allegations in Paragraph 3 of the Complaint.

4. Defendants admit Sequel Youth Services of Arizona, LLC is an Arizona Limited Liability Corporation and conducts business in Arizona.

5. Defendants admit the allegations in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Defendants admit this Court has personal jurisdiction over the parties, but deny that Plaintiff can state viable claims or is entitled to damages or relief of any kind.

7. Defendants admit venue is proper in this Court, but deny that Plaintiff can state viable claims or is entitled to damages or relief of any kind.

## ALLEGATIONS

### Background

8. Defendants admit the allegations in Paragraph 8 of the Complaint.

9. Defendants admit Plaintiff's duties and responsibilities, in part, related to reviewing the work of other employees and confirming their work complied with state and federal regulations, industry standards, and corporate guidelines. Defendants further assert that Plaintiff had additional duties and responsibilities not alleged herein.

10. Defendants admit that, as Director of Quality Assurance, Plaintiff reviewed the work of her direct reports, provided a vision for the department, and directed its operations. Defendants further assert that Plaintiff had additional duties and responsibilities not alleged herein. Defendants deny the remaining allegations contained in Paragraph 10 of the Complaint.

11. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 11 of the Complaint.

12. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 12 of the Complaint.

13. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 13 of the Complaint.

14. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 14 of the Complaint.

15. Defendants admit the allegations in Paragraph 15 of the Complaint.

16. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 16 of the Complaint.

17. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 17 of the Complaint.

18. Defendants admit Executive Director Jessica Hines permitted Plaintiff to work from home on a short term basis. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the remaining allegations in Paragraph 18 of the Complaint.

19. Defendants deny the allegations in Paragraph 19 of the Complaint.

20. Defendants admit the allegations in Paragraph 20 of the Complaint.

21. Defendants deny that they did not have the any alleged COVID-19 outbreak under control. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 21 of the Complaint.

22. Defendants admit they directed Plaintiff to return to in-person work with reasonable accommodations, and Plaintiff did not return until July 30, 2021.

23. Defendants deny the allegations in Paragraph 23 of the Complaint.

24. Defendants admit Plaintiff took sick leave in May, 2020. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 24 of the Complaint.

25. Defendants admit Plaintiff submitted a doctor's note that was dated June 9, 2020 that stated she "must work from home for four weeks due to high risk categories." Defendants are without sufficient information to form a belief as to the truth of and therefore deny the remaining allegations in Paragraph 25 of the Complaint.

26. Defendants admit Plaintiff provided a June 9, 2020 doctor's note, requested to work from home, and the accommodation was granted for another four weeks.

27. Defendants deny the allegations in Paragraph 27 of the Complaint.

28. Defendants deny the allegations in Paragraph 28 of the Complaint.

29. Defendants deny the allegations in Paragraph 29 of the Complaint.

30. Defendants deny the allegations in Paragraph 30 of the Complaint.

31. Defendants deny the allegations in Paragraph 31 of the Complaint to the extent they state legal conclusions for which a response is not required. Defendants further deny any and all retaliation under the ADA or Arizona's Earned Paid Sick Time law. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the remaining allegations in Paragraph 31 of the Complaint.

32. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 32 of the Complaint.

33. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 33 of the Complaint.

34. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 34 of the Complaint.

35. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 35 of the Complaint.

36. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 36 of the Complaint.

37. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 37 of the Complaint.

38. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 38 of the Complaint.

39. Defendants deny Plaintiff was informed by the management team at the Academy that her accommodation had run out. Defendants affirmatively assert Plaintiff was informed that the essential functions of her role required her to be present and any further extension of Plaintiff's remote work would be a continued undue hardship to Defendants.

40. Defendants deny the allegations in Paragraph 40 of the Complaint. Defendants affirmatively assert the parties engaged in an interactive process to agree upon accommodations for Plaintiff to return safely to work.

41. Defendants admit the parties engaged in an interactive process to agree upon accommodations for Plaintiff to return safely to work. Defendants deny the remaining allegations in Paragraph 41 of the Complaint.

42. Defendants admit that, at some point, a phone conference involving Plaintiff and Mr. Day occurred. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the remaining allegations in Paragraph 42 of the Complaint.

43. Defendants admit that alternative accommodations for Ms. Onofrio were discussed and agreed upon by all parties. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the remaining allegations in Paragraph 43 of the Complaint.

44. Defendants deny the allegations in Paragraph 44 of the Complaint.

45. Defendants admit the allegations in Paragraph 45 of the Complaint.

46. Defendants admit the allegations in Paragraph 46 of the Complaint.

47. Defendants deny the allegations in Paragraph 47 of the Complaint.

48. Defendants deny Plaintiff's office was not cleaned. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the remaining allegations in Paragraph 48 of the Complaint.

49. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 49 of the Complaint.

50. Defendants deny Plaintiff's office was not cleaned. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 50 of the Complaint.

51. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 51 of the Complaint.

52. Defendants deny Plaintiff's office was not cleaned. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 52 of the Complaint.

53. Defendants admit the allegations in Paragraph 53 of the Complaint.

54. Defendants deny the allegations in Paragraph 54 of the Complaint.

55. Defendants admit Plaintiff was permitted to work part-time between July 28 and 31, 2020.

**State Investigations**

56. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 56 of the Complaint.

57. Defendants admit the State of Arizona performed an on-site survey on June 29, June 30, and July 8, 2020. Defendants affirmatively assert an appropriate plan of correction for all deficiencies was submitted and accepted by the State. Defendants deny the remaining allegations in Paragraph 57 of the Complaint.

58. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 58 of the Complaint.

59. Defendants deny the allegations in Paragraph 59 of the Complaint.

60. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 60 of the Complaint.

61. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 61 of the Complaint.

62. Defendants deny the allegations in Paragraph 62 of the Complaint.

63. Defendants admit various Compliance and Human Resources professionals, including Ms. Birmingham and Ms. Lee, assisted the Academy in developing and improving COVID-19 protocols throughout the pandemic.

64. Defendants deny the allegations in Paragraph 64 of the Complaint. Defendants affirmatively assert Plaintiff submitted a letter of resignation on August 3, 2020.

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
ESPLANADE CENTER III, SUITE 800
2415 EAST CAMELBACK ROAD
PHOENIX, AZ 85016
TELEPHONE: 602-778-3700

65. Defendants deny the allegations in Paragraph 65 of the Complaint. Defendants affirmatively assert Plaintiff voluntarily resigned from her position.

66. Defendants admit the allegations in Paragraph 66 of the Complaint.

67. Defendants admit Plaintiff filed a charge with the EEOC on October 14, 2020, but deny that Plaintiff can state viable claims or is entitled to damages or relief of any kind.

68. Defendants admit that, on May 13, 2021, in response to Plaintiff's request, the EEOC issued a notice of her right to sue, but deny that Plaintiff can state viable claims or is entitled to damages or relief of any kind.

## **CLAIMS**

### **Count 1**
### **ADA Discrimination**
### **(42 U.S.C. § 12112(a))**

69. Defendants incorporate by reference their responses set forth above.

70. Defendants deny the allegations in Paragraph 70 of the Complaint.

71. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 71 of the Complaint.

72. Defendants deny the allegations in Paragraph 72 of the Complaint. Defendants affirmatively assert the essential functions of Plaintiff's position required her to be in-person and it resulted in performance issues from March, 2020 until August, 2020.

73. Defendants deny the allegations in Paragraph 73 of the Complaint.

74. Defendants deny the allegations in Paragraph 74 of the Complaint.

75. Defendants deny the allegations in Paragraph 75 of the Complaint.

76. Defendants deny the allegations in Paragraph 76 of the Complaint.

77. Defendants deny the allegations in Paragraph 77 of the Complaint.

78. Defendants deny the allegations in Paragraph 78 of the Complaint.

79. Defendants admit they comply with all Federal and State laws regarding disability, discrimination, and retaliation. Defendants are without sufficient information to

1 form a belief as to the truth of and therefore deny the remaining allegations in Paragraph
2 79 of the Complaint.

3     80.     Defendants deny the allegations in Paragraph 80 of the Complaint.

4     81.     Defendants deny the allegations in Paragraph 81 of the Complaint.

5     82.     Defendants deny the allegations in Paragraph 82 of the Complaint.

**Count 2**
**ADA Retaliation**
**(42 U.S.C. § 12203(a))**

8     83.     Defendants incorporate by reference their responses set forth above.

9     84.     Defendants deny the allegations in Paragraph 84 of the Complaint.

10     85.     Defendants admit Plaintiff was working with remote accommodations prior
11 to July 30, 2020, but deny Plaintiff's performance was satisfactory to fulfill the essential
12 functions required of her position.

13     86.     Defendants deny the allegations in Paragraph 86 of the Complaint.

14     87.     Defendants deny the allegations in Paragraph 87 of the Complaint.

15     88.     Defendants deny the allegations in Paragraph 88 of the Complaint.

16     89.     Defendants deny the allegations in Paragraph 89 of the Complaint.

17     90.     Defendants deny the allegations in Paragraph 90 of the Complaint.

**Count 3**
**ADA Interference**
**(42 U.S.C. § 12203(b))**

20     91.     Defendants incorporate by reference their responses set forth above.

21     92.     Defendants admit the allegations in Paragraph 92 of the Complaint.

22     93.     Defendants admit Plaintiff was working with remote accommodations prior
23 to July 30, 2020, but deny Plaintiff's performance was satisfactory to fulfill the essential
24 functions required of her position.

25     94.     Defendants deny the allegations in Paragraph 94 of the Complaint.

26     95.     Defendants deny the allegations in Paragraph 95 of the Complaint.

27     96.     Defendants deny the allegations in Paragraph 96 of the Complaint.

28     97.     Defendants deny the allegations in Paragraph 97 of the Complaint.

98. Defendants deny the allegations in Paragraph 98 of the Complaint.

## Count 4
### Intentional Infliction of Emotional Distress

99. Defendants incorporate by reference their responses set forth above.

100. Defendants deny the allegations in Paragraph 100 of the Complaint.

101. Defendants deny the allegations in Paragraph 101 of the Complaint.

102. Defendants deny the allegations in Paragraph 102 of the Complaint.

103. Defendants deny the allegations in Paragraph 103 of the Complaint.

104. Defendants deny the allegations in Paragraph 104 of the Complaint.

105. Defendants deny the allegations in Paragraph 105 of the Complaint.

## Count 5
### Arizona Earned Paid Sick Time
### (A.R.S. § 23-364(B).)

106. Defendants incorporate by reference their responses set forth above.

107. Defendants admit Plaintiff took leave to recover from a surgery in December, 2019, but deny the remaining allegations in Paragraph 107 of the Complaint to the extent they state legal conclusions for which a response is not required.

108. Defendants deny the allegations in Paragraph 108 of the Complaint.

109. Defendants deny any adverse employment action. Defendants further deny the remaining allegations in Paragraph 109 of the Complaint to the extent they state legal conclusions for which a response is not required.

110. Defendants deny the allegations in Paragraph 110 of the Complaint.

111. Defendants deny the allegations in Paragraph 111 of the Complaint.

112. Defendants deny the allegations in Paragraph 112 of the Complaint.

## Count 6
### Arizona Employment Protection Act
### (A.R.S. § 12-1501 et seq.)

113. Defendants incorporate by reference their responses set forth above.

9

114. Defendants are without sufficient information to form a belief as to the truth of and therefore deny the allegations in Paragraph 114 of the Complaint.

115. Defendants admit Plaintiff discussed concerns with COVID-19, but deny the remaining allegations in Paragraph 115 of the Complaint.

116. Defendants deny the allegations in Paragraph 116 of the Complaint.

117. Defendants deny the allegations in Paragraph 117 of the Complaint.

## GENERAL DENIAL

Defendants deny all allegations and inferences of the Complaint that are not expressly admitted in this Answer, deny acting unlawfully with respect to the Plaintiff, and deny that Plaintiff is entitled to any damages or relief.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a trial by jury in the above-entitled matter.

## AFFIRMATIVE DEFENSES

For their affirmative defenses to the claims alleged by Plaintiff in the Complaint, Defendants allege as follows:

1. Plaintiff's claims are barred, in whole or in part, by her failure to state a claim upon which relief can be granted, including because Plaintiff cannot establish she suffered actionable and recoverable damages.

2. Plaintiff's claims are barred, in whole or in part, because she was an at-will employee who voluntarily resigned her employment.

3. Plaintiff's claims are barred, in whole or in part, to the extent she has failed to comply with or meet the applicable statute of limitations, filing or charge deadlines, or her claims are otherwise time-barred.

4. Plaintiff's claims are barred, in whole or in part, because Defendants had policies against unlawful discrimination, harassment, and retaliation in place at all times relevant to the allegations in the Complaint and took prompt, remedial action when appropriate.

10

5. Plaintiff's claims are barred, in whole or in part, because Defendants had policies and procedures in place to address FMLA or accommodation requests or needs.

6. Plaintiff's claims are barred, in whole or in part, to the extent a needed accommodation constituted an undue hardship or were unnecessary because other reasonable accommodations were provided or available.

7. Plaintiff's claims are barred, in whole or in part, because any breakdown in the interactive process was a result of her conduct.

8. Plaintiff's claims are barred, in whole or in part, to the extent she has failed to mitigate her alleged damages and any provable damages must be reduced or offset by recovery from other sources.

9. Any claims for damages for mental, emotional, or physical injuries are barred, in whole or in part, because her sole and exclusive remedy for these alleged harms is the Arizona Workers' Compensation Act.

10. Plaintiff's claims are barred, in whole or in part, by the doctrines of after-acquired evidence, unclean hands, waiver, and/or estoppel.

11. Plaintiff's claims are barred, in whole or in part, because there were and are legitimate, non-discriminatory, and non-retaliatory reasons for each and every employment practice or action that is alleged to have adversely affected Plaintiff.

12. Plaintiff's claims are barred, in whole or in part, to the extent Defendants would have taken the same action or made the same decisions notwithstanding any protected activity or characteristic.

13. Plaintiff is not entitled to recover treble or punitive damages on any of her claims because all actions taken by Defendants concerning matters alleged in the Complaint were taken at all times in good faith, with reasonable diligence, and did not constitute intentional or willful violations of the law.

14. Plaintiff is not entitled to punitive damages because any actions taken by Defendants were at all times taken in good faith and without an evil mind and do not

11

constitute intentional or willful violations of the law or a conscious disregard of a substantial risk of harm.

15. Plaintiff's claims for punitive damages are barred, in whole or in part, by the Arizona and United States Constitutions.

16. Defendants are presently without information as to the availability and applicability of other affirmative defenses in addition to those pled above, but reserve the right to amend this Answer to plead any affirmative defenses or matters of avoidance required by Rules 8(c) and 12(h) of the Federal Rules of Civil Procedure that may be revealed as discovery progresses.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants respectfully request judgment in their favor as follows:

a. That Plaintiff's Complaint be dismissed, with prejudice, with Plaintiff to take nothing thereby;

b. That Defendants be awarded their costs incurred herein;

c. That Defendants be awarded their reasonable attorneys' fees incurred herein under any statute or authority allowing such recovery;

d. That Defendants be awarded pre- and post-judgment interest on the foregoing amount at the maximum rate permitted by law; and

e. That Defendants be awarded such other and further relief as the Court deems just and proper.

DATED this 26th day of October 2021.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.

By: */s/ Brendan A. Melander*
Tracy A. Miller, SBN 015920
Brendan A. Melander, SBN 034777
2415 East Camelback Road, Suite 800
Phoenix, Arizona  85016

Attorneys for Defendants